This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**VIRGINIA RODRIGUEZ,**

    Worker/Appellee,

v.                                           **NO. 29,518**

**WAL-MART STORES, INC., and**
**AMERICAN HOME ASSURANCE COMPANY,**

    Employer/Insurer-Appellants.

**APPEAL FROM THE NEW MEXICO WORKERS' COMPENSATION ADMINISTRATION**
**Helen L. Stirling, Workers' Compensation Judge**

Chavez Law Firm
Gonzalo Chavez
Roswell, NM

for Appellee

Hoffman Kelley LLP
Michelle D. Lopez
McKinney, TX

for Appellants

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Wal-Mart Stores, Inc. and American Home Assurance Co. (Employer/Insurer) appeal the Workers' Compensation Administration's (WCA's) order granting benefits to Virginia Rodriguez (Worker). This Court filed a notice of proposed summary disposition on July 16, 2009, proposing to affirm. Appellants filed a memorandum in opposition on August 21, 2009, which we have given due consideration. We affirm.

Employer/Insurer's memorandum in opposition again asserts that the Workers' Compensation Judge's (WCJ's) decision, which found that Worker sustained a compensable injury and was entitled to benefits, was not supported by substantial evidence in light of the surveillance video, the testimony of Gary Boone[1], P.A., and the record as a whole. Employer/Insurer argues that the WCJ improperly relied on the opinion of Barney Rodriguez, P.A., which they assert was inherently unreliable because he had not seen the video.

On appeal we review the whole record to determine whether there is substantial evidence to support the WCJ's findings. *See Chavarria v. Basin Moving & Storage*, 1999-NMCA-032, ¶ 11, 127 N.M. 67, 976 P.2d 1019. "In making this determination,

---

[1]Referred to as "Gerald Boone" in WCJ's compensation order.

we view the evidence in the light most favorable to the finding below" to determine "whether, viewed in the light of the whole record, the finding is reasonable." *Henington v. Technical-Vocational Inst.*, 2002-NMCA-025, ¶ 19, 131 N.M. 655, 41 P.3d 923. "Whole record review is not an excuse for an appellate court to reweigh the evidence and replace the fact finder's conclusions with its own, although it does allow the reviewing court greater latitude to determine whether a finding of fact was reasonable based on the evidence." *Buchanan v. Kerr-McGee Corp.*, 121 N.M. 12, 14, 908 P.2d 242, 244 (Ct. App. 1995). "The fact that the evidence might have supported different findings does not require us to reverse." *Henington*, 2002-NMCA-025, ¶ 19.

Worker alleges that, on December 9, 2006, she injured her arm and shoulder when she tripped over some boxes while working as a cashier at Wal-Mart. [RP 1] She claims she tried to catch herself or find something to grab onto, but she fell against the wall partition. She claims she did not fall to the floor. [RP 143, ¶ 21] At the time of the injury, Wal-Mart was conducting video surveillance of her work area. [DS 2] Employer/Insurer alleges that the video recording covering the approximate time of the alleged incident does not show any accident or incident as alleged by Worker. [Id.]

Gary Boone, a physician's assistant to Dr. Michael Grafe, testified that Worker had told him that she had tripped over some boxes and fell and landed on her right shoulder. [DS 8] Boone also testified that when he reviewed the surveillance tape, he did not see any incident where Worker tripped, fell, hit her shoulder, or caught herself with her upper right extremity. [DS 9] He testified that she presented like she had a fall to the shoulder. [Id.]

Martha Rodriguez, the store manager who was working at a cash register adjacent to Worker's at the time of the incident, testified that she did not dispute that Worker had kicked some boxes, but she did not see Worker trip or strike her shoulder. [DS 7] Rachele Raglin[2], personnel coordinator, testified that initially neither she nor Martha Rodriguez had reservations about the claim, but they had questions after seeing the videotape. [Id.]

The WCJ's findings of fact state the following. Worker had told Ms. Raglin that she had turned to get some cigarettes for a customer, tripped over some boxes, and tried to catch herself or find something to grab onto, but because there was nothing on the smooth wall, she fell against the partition and hurt her right arm in the area from her elbow to her shoulder. [RP 143, ¶¶ 20-21] She did not fall to the floor.

---

[2]Spelled "Ragin" in WCJ's compensation order.

[Id. ¶ 22] On December 11, 2006, two days after the incident, Gary Boone saw Worker at Dr. Grafe's office. He continued medications provided by the emergency room, referred her to physical therapy, and kept her off work until January 1, 2007. [RP 145, ¶¶ 30-31] On December 27, two and a half weeks after the incident, Boone observed painful range of motion in Worker's right shoulder, with similar results in her elbow and forearm, and diagnosed contusion and sprain and strain of the shoulder and right upper arm. [Id. ¶¶ 32-33] On January 4, 2007, Employer sent Worker to Dr. Anthony Reeve's clinic, where she was seen by physician's assistant Barney Rodriguez. [Id. ¶ 34] He found that Worker had a right shoulder strain, and changed her medications and directed that she apply heat to the painful area. [RP 145-46, ¶ 36] Rodriguez saw Worker again on January 22, 2007 and found continued pain in the right shoulder. [RP 146, ¶ 37]

The WCJ agreed that the surveillance video "[did] not show a discrete incident where Worker catches herself by the arm, or falls against a wall, or braces herself to keep from falling." [RP 146, ¶ 42] She found that the video showed "Worker striking or kicking a box with her foot and, towards the end of the section provided, appears to show her favoring her right arm." [RP 147, ¶ 43] The WCJ also noted that "[n]o one doubted at the outset that Worker had suffered a compensable claim" and that "at

her deposition, [store manager] Martha Rodriguez continued to maintain that Worker had hurt her arm/shoulder, although perhaps not to the extent Worker maintained." [DS 7; RP 147, ¶ 44] The WCJ noted that Worker had never said she fell, and statements suggesting she had fallen might have originated in an emergency room note, which might have incorrectly assumed that Worker fell. [RP 148, ¶¶ 49-50] Finally, the WCJ noted that the hospital emergency room, Mr. Boone, and Mr. Rodriguez had found evidence of an injury, and no alternative explanation for the injury was offered. [RP 149, ¶ 55]

Considering the evidence as a whole, we note that at least four persons—Martha Rodriguez, Rachele Raglin, Gary Boone, and Barney Rodriguez—observed or examined Worker and concluded that she had suffered an injury. Their observations and examinations were consistent with the sort of arm and shoulder injury Worker alleged. The record contains no suggestion of malingering or alternative explanation for the injury. While the video did not show Worker trying to catch herself on a wall as she described, it showed an incident where she struck or kicked a box, after which she favored her right arm. The WCJ, as the fact finder, was in the best position to determine what the video showed. We conclude that in light of the whole record, the WCJ's findings and conclusions were reasonable.

Employer/Insurer also asserts that the WCJ erred as a matter of law in (1) rejecting the uncontradicted opinion of Gary Boone that Worker's condition was not causally related to her employment and (2) accepting the causation opinion of Barney Rodriguez, which was contradicted, lacked pertinent facts, was unworthy of belief, and was subject to reasonable doubt as to its veracity. [DS 12]

These issues implicate NMSA 1978, Section 52-1-28(B) (1987), which provides:

> In all cases where the employer or his insurance carrier deny that an alleged disability is a natural and direct result of the accident, the worker must establish that causal connection as a probability by expert testimony of a health care provider, as defined in [NMSA 1978,] Section 52-4-1 [(2007)], testifying within the area of his expertise.

Employer/Insurer relies on the "uncontradicted medical evidence rule," which has been stated as requiring "the worker to prove causal connection between disability as a medical probability by expert medical testimony. Because the statute requires a certain type of proof, uncontradicted evidence in the form of that type is binding on the trial court." *Banks v. IMC Kalium Carlsbad Potash Co.*, 2003-NMSC-026, ¶ 35, 134 N.M. 421, 77 P.3d 1014 (internal quotation marks and citation omitted); *see also Ross v. Sayers Well Servicing Co.*, 76 N.M. 321, 326, 414 P.2d 679, 683 (1966) ("[W]here causal connection has been denied and must be established by medical

testimony as a medical probability, and where medical opinion based on the facts has been expressed and is uncontradicted, the evidence is conclusive upon the court as trier of the facts.").

We disagree that Boone's testimony was uncontradicted. As described in the docketing statement, Boone did not testify that Worker's condition was not causally related to her employment. Rather, he testified after viewing the surveillance video that he could not state "based on a reasonable medical probability that [Worker's] complaints and the diagnosis [he had] provided [were] related to a work-related incident." [DS 10] We understand this to mean that he was unable to say whether or not it was related. As discernible from the WCJ's findings of fact, Barney Rodriguez testified that Worker's "accident and injury were caused by her work, thus providing the necessary medical causal connection between the accident and Worker's injury." [RP 149] The WCJ thus chose to rely on Rodriguez's testimony rather than Boone's. We conclude that the fact that Boone saw the surveillance video and Rodriguez did not is not determinative of which testimony the WCJ may accept.

For the reasons stated above, we affirm the WCJ.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**CELIA FOY CASTILLO, Judge**